UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONICA BROWN<br><br>    Plaintiff/Cross-Defendant,<br><br>v.<br><br>GLOBAL EMPLOYMENT SOLUTIONS, INC., LEXINGTON INSURANCE, AIG,<br>    Defendants,<br><br>v.<br><br>MILLAR & MIXON, LLC,<br>    Counter-Defendant/ Cross-Plaintiff | CIVIL ACTION NO.<br><br>1:15-CV-4082-CAP |

## ORDER

This action is before the court on Brown's motion to dismiss the notice of appeal she filed on February 7, 2017 [Doc. No. 110], motion to recuse [Doc. No. 111], and motion to set aside or vacate judgment [Doc. No. 112]. As an initial matter, the appeal filed by Brown on February 7, 2017, has not been docketed by the circuit clerk. Therefore, a motion in this court is proper pursuant to Federal Rule of Appellate Procedure 42(a). The motion to

dismiss the notice of appeal filed on February 7, 2017 [Doc. No. 110] is GRANTED.

## I. Motion to Recuse [Doc. No. 111]

Brown moves for the undersigned to recuse himself and reassign the case for ruling on her motion to set aside or vacate judgment [Doc. No. 111]. There are two federal statutes under which recusal may be obtained: 28 U.S.C. § 144 and 28 U.S.C. § 455(a). In her motion, Brown fails to specify which statute she relies upon.

> 28 U.S.C. § 144 provides:
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Brown filed this motion for recusal pro se. As such, it was not and could not be accompanied by a certificate of counsel of record stating that it was made

in good faith.  This is an explicit requirement of § 144; therefore, Brown cannot rely on § 144 for her motion for recusal.

The court will consider Brown's motion for recusal under 28 U.S.C. § 455(a), which does not require an affidavit and certificate by counsel.  28 U.S.C. § 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  The test for whether a judge should recuse himself is an objective one: whether an objective, disinterested, lay observer fully informed of the facts would entertain a significant doubt about his impartiality.  *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).  Judicial rulings alone are insufficient to serve as the basis for recusal or to cast doubt on the court's impartiality.  *Liteky v. United States*, 510 U.S. 540, 556 (1994); *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) (abrogated on other grounds).  Rather, a judge's bias must be personal and extrajudicial, deriving from something other than that which the judge learned by participating in the case, unless the movant demonstrates pervasive bias and prejudice.  *McWhorter*, 906 F.2d at 678.

Brown contends that opposing counsel engaged in ex parte communications with chambers staff and that the court relied upon the information gleaned through those communications in issuing its final order

and judgment in this case.  Apparently, Brown believes that Millar & Mixon, LLC's attorney, Stephen Mixon, provided the court with the information regarding her litigation history that was put forth in detail in the court's February 17, 2017, order.  As set forth in the order, however, the court took judicial notice of cases filed in this court by Brown.  The court's reason for doing so was two-fold.  First, the court detailed Brown's extensive history of litigation in this court to demonstrate that her constant failures to comply with the Federal Rules of Civil Procedure, the Local Rules of this court, and express instructions issued to her by the court are part of a calculated pattern to stall and delay litigation rather than shortcomings of a pro se litigant acting in good faith.  Second, the court found it necessary to lay bare Brown's practices in this court in a single detailed order for the benefit of other judges who may preside in future cases involving Brown.  Other than his filings on the record in this case and his testimony (in Brown's presence) at the February 7, 2017, evidentiary hearing, Mixon provided no information to this court regarding Brown, and Mixon had no ex parte communications with this court.  Ironically, it was Brown who regularly contacted the undersigned's chambers and sought to discuss the merits of the case with chambers staff.  Nevertheless, the court's information pertaining to Brown's

litigation history was gained through sifting the record in each of the cases discussed and painstakingly cited within the order.

Brown's allegations of misrepresentation, fraud, and ex parte communications are unsupported and incorrect. It appears her desire for recusal stems from nothing more than disagreements with rulings made by the judge in the case. There is nothing to demonstrate the existence of any pervasive bias and prejudice on the part of the court. Accordingly, no reasonable lay observer would entertain a significant doubt about the judge's impartiality. Therefore, recusal in this case is neither necessary nor appropriate. Accordingly, Brown's motion for recusal [Doc. No. 111] is DENIED.

## II. Motion to Set Aside or Vacate Judgment [Doc. No. 112]

While not expressly stated in her motion, it appears that Brown is relying on Rule 60(b)(3) as a basis to set aside or vacate this court's February 17, 2017 order [Doc. No. 108] and the accompanying clerk's judgment [Doc. No. 109] issued on February 22, 2017. Rule 60(b)(3) provides that the court may relieve a party from a final judgment, order, or proceeding for fraud, misrepresentation, or misconduct by an opposing party. The court believes it is this rule that Brown relies on because she titled page two of her motion "WILLFUL MISREPRESENTATION."

A party seeking relief from a judgment under Rule 60(b)(3) "must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct," and that as a result she was prevented from fully presenting her case.  *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003).  Here, Brown has offered no evidence (much less clear and convincing evidence) that M & M, obtained judgment through fraud, mispresentations, or other misconduct.  Rather, Brown speculates that Mixon "intentionally misled This Court about Brown's previous litagations in This Court, off the record." [Doc. No. 112].  As set forth above, Mixon provided no information to the court about Brown's previous litigation.  Instead, the undersigned engaged in a careful review of Brown's litigation history in this court by combing the records of the numerous cases of which she has been a part.

Brown's motion is primarily focused on her disagreements with the court's characterizations of her prior litigation practices and her attempts to paint Mixon as an unethical attorney and herself as an upstanding and righteous citizen.  Importantly, Brown makes no challenge whatsoever to the legal analysis that forms the basis of the court's award of $21,991.60 to M&M in satisfaction of its attorney's lien.  She seems to believe that the court's decision was a form of punishment against her for litigating issues about

6

which she feels strongly. She is incorrect. As is her habit in litigation before this court, Brown continues to ramble on about extraneous issues including other cases litigated by Mixon, news articles about this court's rulings, and even details about how she spent the settlement funds she received from her employment discrimination suit. None of these are pertinent to the issue that was before the court, which was the value of services rendered by M&M in Brown's underlying employment lawsuit.

Brown has set forth no valid basis for relief from this court's order and judgment. Accordingly, the motion to set aside or vacate [Doc. No. 112] is DENIED.

## III. Conclusion

Based on the foregoing,

(1) the motion to dismiss the February 7, 2017, notice of appeal [Doc. No. 110] is GRANTED;

(2) the motion to recuse [Doc. No. 111] is DENIED; and

(3) the motion to set aside or vacate judgment [Doc. No. 112] is DENIED.

The court reiterates that the funds held in the Registry of the Court will not be released until either the time for filing an appeal of this court's final order and judgment has expired or upon completion of the appeal

process, whichever comes first.  At that time, the court will issue an order of disbursement in accordance with any ruling of the Eleventh Circuit Court of Appeals , or if no appeal is filed, in accordance with the February 22, 2017, judgment.

The Clerk of Court is DIRECTED to mail a copy of this order, return receipt requested and via regular mail, to Brown at P.O. Box 18785, Atlanta, GA 31126.

SO ORDERED, this  27th  day of February, 2017.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge